IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**ANDREA DUNN, on behalf of herself and all others similarly situated,**

          Plaintiff;

  **v.**

**COUNTY OF WILL and MIKE KELLEY, Sheriff of Will County, individually and in his official capacity.**

          Defendants.

Case No._____

## CLASS ACTION COMPLAINT

1. This is a class action pursuant to 42 U.S.C. § 1983 challenging Defendants' unconstitutional and inhumane system of holding pretrial detainees under Defendants' control.

2. As explained in detail below, Defendants routinely hold those who have been arrested and awaiting probable-cause hearings for unconstitutional lengths of time under inhumane conditions. Defendants routinely hold persons at the Will County Adult Detention Facility ("WCADF") overnight in unsanitary concrete cells that provide no ability to sleep and deprive pretrial detainees of the ability to practice basic hygiene. Defendants also routinely hold pretrial detainees for over 48 hours with no legitimate basis to do so, violating established constitutional norms. In fact, given the physical conditions Defendants impose upon these detainees, Defendants are violating the Fourth Amendment by holding these people over 24 hours and certainly over 36 hours.

## THE PARTIES

**Plaintiff**

3. Plaintiff Andrea Dunn is a citizen of Illinois. She was arrested at or around 3:50 a.m. on Saturday, September 16, 2017, by Bolingbrook police officers, and detained at the WCADF, where she spent the next two nights, until she was finally released the following Monday evening. All charges were eventually dropped against Dunn.

**Defendants**

4. Defendant County of Will is a local governmental entity within the State of Illinois, located in the Northern District of Illinois. At all relevant dates and times, Will County, in conjunction with the Will County Sheriff, operated, maintained, and managed the WCADF, and developed, instituted, and maintained written and unwritten policies and practices regarding the detention of arrestees awaiting probable cause determinations.

5. Defendant Mike Kelley is the duly elected Sheriff of Will County. As the Sheriff, it is Kelley's duty in his official capacity, to operate the WCADF where Will County holds pretrial detainees after arrest and before probable cause hearings. As the Sheriff, Kelley is responsible for instituting policies and procedures that ensure the Will County Sheriff's office holds arrested persons and treats them in a manner consistent with the United States Constitution. He is being sued in his official capacity and personally in his individual capacity.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). Defendants are physically situated in this judicial district, and the events giving rise to the claims in this case all occurred here. The Court has supplemental jurisdiction over the state law claims here under 28 U.S.C. § 1367.

## FACTS

7. On September 16, 2017, around 3:50 a.m., Plaintiff Andrea Dunn was arrested by Bolingbrook police officers without an arrest warrant. The officers initially took Dunn to a Bolingbrook police station where she was processed and searched. This procedure took approximately thirty minutes once she arrived at the police station. She was then transferred to the WCADF.

8. Dunn arrived at the WCADF around 5:00 a.m., and was officially booked at or around 5:19 a.m. She was again processed, again searched, and then placed in a holding cell that held four other women.

9. Dunn and the other women were held in the same cell from the time Dunn was placed there until Monday evening, when she and the other women were finally released. During the day on Saturday, another woman was placed in the cell who had been booked that day, occupied the cell for a few hours, and then was taken to a probable-cause hearing the same day.

10. Dunn's holding cell measured approximately 6' wide by 15' long. The floor of the cell was made of concrete. An L-shaped concrete bench ran along part of one long wall and the short wall, ending on the long wall in an exposed toilet. A short wall approximately three feet tall

was the only privacy allowed those using the toilet, so that those using it could be seen by the women in the cell and out the windows of the cell that faced a large common area populated by both male and female detention facility personnel.

11. Dunn and her four fellow detainees were not brought to any probable cause hearing on the Saturday they were admitted, or the Sunday after. All five women were finally taken to a probable cause hearing on Monday afternoon, over 48 hours after each was admitted and processed at the WCADF.

12. For probable-cause hearings, the WCADF utilizes a videoconferencing system with a Will County judge. These videoconferences take place in a separate room within the detention facility.

13. At no time during Dunn's over-48-hour detention was Dunn provided a toothbrush or toothpaste.

14. At no time during Dunn's over-48-hour detention was Dunn given the opportunity to take a shower. No soap was provided in the cell at any time.

15. At no time during Dunn's over-48-hour detention was she ever given the opportunity to urinate or defecate in a private bathroom. At all times, Dunn was required to urinate or defecate in the holding cell in the presence of four other women. The cell had windows, and detention personnel—including men—could see into Dunn's holding cell and see a woman using the toilet if he were to walk by. The toilet was only cleaned one time between Dunn's time of admittance and her release from the detention facility.

16. At no time during Dunn's over-48-hour detention were Dunn or any of her cellmates given a mattress, pillow, or sheets with which to sleep.

17. The only place in which Dunn or any of her cellmates were allowed to attempt to sleep was in the holding cell. As a result, Dunn attempted to sleep on the concrete floor and the concrete bench. These attempts were unsuccessful. As a result, Dunn was required to attend her probable cause hearing on Monday afternoon after being deprived of sleep for over 72 hours.

18. Given the size of the holding cell, only three persons could sit on the concrete bench at a time, or two people could lay down on it. All other persons had to either sit, stand, or lie on the concrete floor.

19. During Dunn's over-48-hour detention, edible food was not available. One holding cell mate of Dunn's suffered violent diarrhea from the food she was provided and had to defecate in the corner toilet in front of her holding cell mates while the others were forced to listen and smell the results. This sickened Dunn and scared her from eating any of the food.

20. The sheriff's officers cleaned the holding cell only once during Dunn's detention. During the first such cleaning, Dunn requested a sanitary napkin, and the male officer threateningly told Dunn to "sit the fuck down and shut the fuck up."

21. Dunn and the other women in the holding cell were not provided water in between meals, and had to drink their water out of the sink in the holding cell, located directly next to the exposed toilet.

22. Dunn saw two other holding cells during her time at the detention center. None of those cells was equipped with bedding or private toilets, either.

23. One of the other women in Dunn's holding cell had been in the cell for 5 days and had not been provided a shower or toothbrush during her entire detention. That woman was told she was not admitted into the county facility, and so was not allowed to shower or brush her teeth.

24. Dunn was finally released on the Monday evening following her Saturday morning arrest. Her probable cause hearing, conducted by videoconference from the WCADF, occurred on or after 1:30 p.m., over 57 hours from the time of her arrest, over 56 hours from the time she arrived at the WCADF, and over 55 hours from the time she was officially processed at the WCADF. The charges against Dunn were ultimately dismissed.

25. Dunn's experience was not unique. Dunn personally witnessed four other detainees while detained at the WCADF. All other detainees were denied adequate provisions and beds on which to sleep, adequate food, and adequate water. All other detainees were denied adequate access to sanitation and hygiene, including toothbrushes and toothpaste. All other detainees in her cell (except the one who came and left on Saturday) were denied a probable cause hearing until they had been detained over 48 hours.

26. Between conversations overheard between detention facility personnel, personal interactions with those personnel, discussions among her fellow cell mates, and viewing the physical facilities at the detention center, Dunn reasonably believes the conditions she faced while being detained were normal and routine for those held after arrest and prior to a probable cause hearing at the Will County Detention Facility.

**CLASS ALLEGATIONS**

27. The Plaintiff seeks to pursue claims both for herself and for a class of others similarly situated. Plaintiff believes that the class should be organized into four subclasses.

28. A sizeable percentage of persons arrested and admitted to the WCADF are detained overnight between the hours of 10:00 p.m. and 6:00 a.m., since persons arrested in the afternoon are rarely if ever taken to court until the following morning.

29. On information and belief, Will County provides no probable cause hearings at night or on Sundays. As a result, a percentage of persons arrested Friday night or Saturday morning and detained but not processed in time for the Saturday probable cause hearings are held over 48 hours before receiving a probable cause hearing. Due to Defendants' policies and procedures, any person arrested in Will County on a Saturday, and not processed in time for the Saturday hearings (after the probable cause hearings are held), will be held over 40 hours without a probable cause hearing.

30. Defendants maintain no policy, directive, or procedure (or have inadequate ones) requiring the provision of minimally appropriate sleeping accommodations to detainees awaiting a probable cause hearing, including the provision of sheets, mattresses, or pillows. The Defendants in fact neither maintain nor provide any such items for pretrial detainees awaiting probable cause hearings.

31. Defendants maintain no policy, directive, or procedure (or have inadequate ones) requiring the provision of minimally appropriate hygiene, including the provision of sanitary napkins, toothbrushes or toothpaste, the availability of showers, soap, or privacy while urinating or defecating, to those in its custody awaiting a probable cause hearing. Defendants in fact neither

7

maintain nor provide these tools of basic hygiene to their detainees awaiting a probable cause hearing. As a result of the failures in this and the preceding paragraph, Defendants have a *de* facto policy of actively depriving these detainees of even minimal features of a civilized society.

### Proposed Class 1—detainees held overnight

32. Named Plaintiff Dunn seeks to represent subclass 1. Class 1 consists of:

All detainees awaiting probable cause determinations detained in the WCADF overnight at any time.

33. The individuals in Class 1 are so numerous that joinder of all members is impractical.

34. These are questions of law and fact common to the claims of Class 1. Among these common questions are:

   a. Whether it is unconstitutional or in violation of state law to hold detainees awaiting probable cause determinations overnight without furnishing them mattresses, sheets, or pillows;

   b. Whether it is unconstitutional or in violation of state law to hold detainees awaiting probable cause determinations overnight without providing sanitary napkins;

   c. Whether it is unconstitutional or a violation of state law to hold detainees awaiting probable cause determinations overnight without providing them soap, or the ability to shower or bathe;

   d. Whether it is unconstitutional or a violation of state law to hold detainees awaiting probable cause determinations overnight without providing toothbrushes or toothpaste;

   e. Whether it is unconstitutional or a violation of state law to hold multiple detainees awaiting probable cause determinations in a holding cell with no access to a private toilet and no access to soap to wash one's hands after using the toilet;

  f. Whether Defendants' policies allows and/or encourages the alleged constitutional and state-law violations;

  g. Whether there is a custom or practice within the Defendants' system that allows and/or encourages the alleged constitutional and state-law violations; and

  h. Whether Defendants' final policymakers have condoned or have been deliberately indifferent to the alleged constitutional and state-law violations.

35. Plaintiff's claims are typical of the claims of Class 1. Dunn was detained over two nights in a holding cell at the WCADF. During that entire time, she received no accommodations for sleeping, no toothbrush or toothpaste, was denied sanitary napkins for an unreasonable length of time, was denied the ability to shower or bathe or use soap, and was denied any privacy in the use of the toilet. Plaintiff seeks to prove that the deprivations she suffered were inflicted as a result of Defendants' policies and/or customs and practices.

36. The Plaintiff will fairly and adequately represent the interests of Class 1. Plaintiff has retained skilled counsel, namely Heffner Hurst, with experience in constitutional and class action litigation to represent the Class, along with Hale Law LLC, which has extensive experience in constitutional and civil rights litigation.

37. The questions of law and fact common to Class 1 predominate over any individual issues.

**Proposed Class 2—detainees held over 48 hours**

38. Plaintiff also seeks to represent Class 2. Class 2 consists of:

> All persons arrested without an arrest warrant and detained by Defendants in excess of 48 hours without a judicial determination of probable cause.

9

39. The individuals in Class 2 are so numerous that joinder of all members is impractical.

40. There are questions of law and fact common to the claims of Class 2. Among these common questions are:

    a. Whether it violates the constitution to detain warrantless arrestees in excess of 48 hours before presenting the detainee to a magistrate for a probable cause hearing;

    b. Whether it violates state law to detain warrantless arrestees in excess of 48 hours before presenting the detainee to a magistrate for a probable cause hearing;

    c. Whether Defendants maintained a policy, custom and/or widespread practice allowing the detention of warrantless arrestees in excess of 48 hours before presenting the detainee to a magistrate for a probable cause hearing;

    d. Whether Defendants maintain a custom and/or widespread practice allowing the detention of warrantless arrestees in excess of 48 hours before presenting the detainee to a magistrate for a probable cause hearing; and

    e. Whether Defendants' officials have been deliberately indifferent to the need for training, enforcement, discipline, and/or policy changes regarding the length of detention of arrestees in the absence of a judicial determination of probable cause.

42. Plaintiff's claims are typical of the claims Class 2. The named Plaintiff was detained by Defendants in excess of 48 hours without receiving a judicial determination of probable cause. The named Plaintiff seeks to prove that the deprivations she suffered were inflicted as a result of Defendants' policy, custom, practice and/or the deliberate indifference of Defendants' policymakers.

43. Plaintiff will fairly and adequately represent the interests of Class 2. Plaintiff has retained skilled counsel, namely Heffner Hurst, with experience in constitutional and class action

litigation to represent the Class, along with Hale Law LLC, who has extensive experience in constitutional and civil rights litigation.

44. The questions of law and fact common to Class 2 predominate over any individual issues.

**Proposed Class 3—detainees held over 36 hours**

45. Named Plaintiff Dunn seeks to represent Class 3. Class 3 consists of:

All persons arrested without an arrest warrant and detained by Defendants for a total time in excess of 36 hours without a judicial determination of probable cause.

46. The individuals in Class 3 are so numerous that joinder of all members is impractical.

47. These are questions of law and fact common to the claims of Class 3. Among these common questions are:

    a. Whether it violates the constitution or state law to detain warrantless arrestees in the particular physical conditions found in WCADF holding cells in excess of 36 hours without obtaining judicial approval of probable cause for the detention;

    b. Whether it violates the constitution or state law to detain warrantless arrestees in excess of 36 hours without obtaining judicial determination of probable cause; and

    c. Whether Defendants maintained a policy, custom and/or widespread practice allowing the detention of warrantless arrestees in excess of 36 hours without obtaining a judicial determination of probable cause for the detention.

48. Plaintiff's claims are typical of the claims of Class 3. Dunn was detained over two nights in a holding cell at the Will County Adult Detention Facility. During that entire time, she

received no accommodations for sleeping, no toothbrush or toothpaste, was denied sanitary napkins for an unreasonable length of time, was denied the ability to shower or bathe or use soap, and was denied any privacy in the use of the toilet.

49. Plaintiff will fairly and adequately represent the interests of Class 3. Plaintiff has retained skilled counsel, namely Heffner Hurst, with experience in constitutional and class action litigation to represent the Class, along with Hale Law LLC, who has extensive experience in constitutional and civil rights litigation.

50. The questions of law and fact common to Class 3 predominate over any individual issues.

### Proposed Class 4—detainees held over 24 hours

51. Named Plaintiff Dunn seeks to represent Class 4. Class 4 consists of:

All persons arrested without an arrest warrant and detained by Defendants for a total time in excess of 24 hours without a judicial determination of probable cause.

52. The individuals in Class 4 are so numerous that joinder of all members is impractical.

53. These are questions of law and fact common to the claims of Class 4. Among these common questions are:

    a. Whether it violates the constitution or state law to detain warrantless arrestees in the particular physical conditions found in WCADF holding cells in excess of 24 hours without obtaining judicial approval of probable cause for the detention;

    b. Whether it violates the constitution or state law to detain warrantless arrestees in excess of 24 hours without obtaining judicial approval of probable cause; and

      c.      Whether Defendants maintained a policy, custom and/or widespread practice allowing the detention of warrantless arrestees in excess of 24 hours without obtaining a judicial determination of probable cause for the detention.

54.     Plaintiff's claims are typical of the claims of Class 4. Dunn was detained over two nights in a holding cell at the Will County Adult Detention Facility. The first night was a Friday night/early Saturday morning, and she was held all day Saturday and Sunday. During that entire time, she received no accommodations for sleeping, no toothbrush or toothpaste, was denied sanitary napkins for an unreasonable length of time, was denied the ability to shower or bathe or use soap, and was denied any privacy in the use of the toilet.

55.     The Plaintiff will fairly and adequately represent the interests of Class 4. Plaintiff has retained skilled counsel, namely Heffner Hurst, with experience in constitutional and class action litigation to represent the Class, along with Hale Law LLC, who has extensive experience in constitutional and civil rights litigation.

56.     The questions of law and fact common to Class 4 predominate over any individual issues.

## LEGAL CLAIMS

### Count I – 42 U.S.C. § 1983
### Claim for deprivation of reasonable conditions of confinement on behalf of Class 1

57.     Plaintiff realleges each of the foregoing paragraphs as if fully stated herein.

58.     Plaintiff Dunn and the other members of the Class 1 were detained in Defendants' facilities overnight and were not furnished minimally adequate conditions of confinement as required by federal constitutional and state law. The specific conditions of confinement

complained of here include: lack of bedding and adequate sleeping conditions, lack of showers, lack of soap for basic personal hygiene, lack of toothpaste and tooth brushes, lack of private toilets, lack of sanitary conditions, lack of access to sanitary napkins for female detainees, lack of nutritional or edible meals, and lack of adequate drinking water.

59. Defendants violated the Fourth Amendment with each of the complained of conditions of confinement because each one is unreasonable. In addition, all of the conditions together amount to unreasonable conditions of confinement under the Fourth Amendment even if each individual condition, by itself, would not be unreasonable.

60. Defendants caused this deprivation of rights and are liable for Plaintiff and the Class Members' damages, *inter alia*, because Defendants maintain unconstitutional policies, customs, and widespread practices that caused these violations. Moreover, Defendants fail to adequately train and discipline its officers in a manner that causes such violations. Further, Defendants have been deliberately indifferent to the need for different policies, training, and discipline. Also, Defendants have failed to act to remedy the patterns of misconduct described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**Count II – 42 U.S.C. § 1983**
**Claim for excessive detention over 48 hours for Class 2**

61. Plaintiff realleges each of the foregoing paragraphs as if fully stated herein.

62. Plaintiff Dunn and the other members of the Class 2 have been detained in Defendants' facilities for over 48 hours after a warrantless arrest without a judicial determination of probable cause.

63. Defendants caused this deprivation of rights and are liable for Plaintiff and the Class Members' damages, *inter alia*, because the Defendants maintain unconstitutional policies, customs and widespread practices that caused these violations. Moreover, Defendants fail to adequately train and discipline its officers in a manner that causes such violations. Further, Defendants have been deliberately indifferent to the need for different policies, training, and discipline. Also, Defendants have failed to act to remedy the patterns of misconduct described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

64. Plaintiff Dunn and the other members of Class 2 have suffered damages as a result.

**Count III – 42 U.S.C. § 1983**
**Claim for excessive detention over 36 hours for Class 3**

65. Plaintiff realleges each of the foregoing paragraphs as if fully stated herein.

66. Plaintiff Dunn and the other members of Class 3 have been detained in Defendants' facilities for over 24 hours after a warrantless arrest without a judicial determination of probable cause.

67. Given the conditions of confinement complained of herein and the advances in technology since the 48-hour rule was initially established in 1991, it is unreasonable under the Fourth Amendment for Defendants to wait any longer than 36 hours to bring detainees before a judge for a probable cause determination, even where the entity combines multiple processes at the initial court appearance.

68. It is also unreasonable under the Fourth Amendment for Defendants to fail to hold probable cause hearings on Sundays, causing unnecessary and unreasonable detention of people arrested without a warrant.

69. Defendants caused this deprivation of rights and are liable for Plaintiff and the Class Members' damages, *inter alia*, because Defendants maintain unconstitutional policies, customs, and widespread practices that caused these violations. Moreover, Defendants fail to adequately train and discipline its officers in a manner that causes such violations. Further, Defendants have been deliberately indifferent to the need for different policies, training, and discipline. Also, Defendants have failed to act to remedy the patterns of misconduct described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

70. Plaintiff Dunn and the other members of Class 3 have suffered damages as a result.

**Count IV – 42 U.S.C. § 1983**
**Supervisory Liability against Defendant Kelley in his Individual Capacity**

71. Plaintiffs reallege each of the foregoing paragraphs as if fully stated herein.

72. Defendant Mike Kelley knew, or should have known, that detainees awaiting probable cause determinations in the WCADF were and are routinely denied reasonable sleeping accommodations and reasonable sanitary provisions, as discussed above, and that such detainees were and are routinely detained for unconstitutional lengths of time prior to receiving probable cause determinations.

16

73. Despite this knowledge, Defendant Kelley failed to take measures to correct the constitutional violations enumerated herein.

74. Defendant Kelley actively participated in the creation, development, implementation, and maintenance of the policies and practices that resulted in the constitutional violations enumerated herein.

### COUNT V – State Law Claim
### Willful and Wanton Claim – Excessive Detention

75. Plaintiff realleges each of the forgoing paragraphs as if fully stated herein.

76. In detaining Plaintiff Dunn and the members of Classes 1-3 for the lengths of time set forth in the preceding paragraphs, and in initiating, developing, implementing and maintaining the policies and practices set forth in the preceding paragraphs, Defendants acted willfully and wantonly.

### COUNT VI – State Law Claim
### Willful and Wanton Claim – Conditions of Confinement

77. Plaintiff realleges each of the forgoing paragraphs as if fully stated herein.

78. In denying Plaintiff Dunn and the members of Classes 1-3 the minimal requirements of civilized life, such as toothbrushes and toothpaste, soap, a private toilet, the ability to bathe and shower, fresh drinking water, and appropriate sleeping accommodations such as mattresses, sheets and pillows, and in initiating, developing, implementing and maintaining the policies and practices that led to these deprivations, Defendants acted willfully and wantonly.

WHEREFORE, Plaintiff Dunn, on behalf of herself and a class of others similarly situated, demands judgment against Defendants awarding their actual damages, costs, punitive damages against Defendant Kelley in his individual capacity, and a reasonable attorney's fee, together with any other relief that may be just, including declaratory and injunctive relief ending the Defendants' illegal conduct.

### Jury Demand

Plaintiff Dunn, on behalf of herself and the Classes, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 14, 2018  By:   */s/ Andrew Hale*
Andrew Hale
Hale Law LLC
53 West Jackson Boulevard, Suite 330
Chicago, Illinois 60604
Telephone: 312.870.6926
Fax: 312. 341.9646
E-mail: ahale@ahalelaw.com

  */s/ Matthew T. Heffner*
Matthew T. Heffner
Heffner Hurst
30 N. LaSalle, Suite 1210
Chicago, Illinois 60602
312.346.3466
mheffner@heffnerhurst.com