**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREA DUNN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF WILL and MIKE KELLEY, Sheriff of Will County, individually and in his official capacity,<br><br>Defendants. | Case No. 18-cv-06304<br><br>Honorable Robert M. Dow, Jr.<br><br>Honorable Young B. Kim |

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants, COUNTY OF WILL and MIKE KELLEY, Sheriff of Will County, individually and in his official capacity, by their attorneys, move to dismiss Counts III, V and VI of Plaintiff's Complaint as to all Defendants, and move to dismiss all Counts as to the County, with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff brings this putative class action case under 42 U.S.C. § 1983 and state common law. She raises claims arising from the both the duration as well as the conditions of her confinement at the Will County Adult Detention Facility ("the ADF") on behalf of pre-trial arrestees awaiting probable cause hearings. She alleges the following causes of action: Count I (Section 1983) – conditions of confinement for all arrestees held overnight; Count II (Section 1983) – excessive detention over 48 hours; Count III (Section 1983) – excessive detention over 36 hours; Count IV (Section 1983) – supervisory liability against Sheriff Kelley; Count V (state law) – excessive detention; and Count VI (state law) – conditions of confinement.

Count III fails because detention for less than 48 hours before a probable cause hearing is presumptively reasonable as a matter of law. Counts V and VI fail because Defendants are immune under state law. Moreover, the County may only be a nominal Defendant for purposes of indemnification.

**PLAINTIFF'S ALLEGATIONS**

On Saturday, September 16, 2017, at approximately 3:50 a.m., Plaintiff was arrested without a warrant by the Bolingbrook police. She was brought to the ADF at approximately 5:00 a.m.; her official booking time was 5:19 a.m. She appeared for a probable cause hearing via videoconference at approximately 1:30 p.m. on Monday, September 18, 2017, more than 56 hours later. Plaintiff was then released from the ADF later that evening.

Plaintiff was detained in an approximately 90 square foot cell with four other women who were also detained for roughly the same duration as Plaintiff. Another woman was brought into the cell on Saturday for a few hours, but then taken to a probable cause hearing and released.

Plaintiff was not provided a toothbrush, toothpaste or soap, and was not allowed to take a shower. Plaintiff requested a sanitary napkin but that request was denied. There was a sink and toilet in the cell, and the toilet was partially enclosed by a three foot wall. However, people in the cell and persons in the hallway passing the cell would be able to see that a person was using the toilet despite that wall. The cell and the toilet were cleaned only once while Plaintiff was detained.

Plaintiff was not provided a mattress, pillow or sheets. The cell was concrete, with an L-shaped concrete bench. The bench could hold three people seated, but only two lying down. Plaintiff's attempts to sleep on the bench and the floor were unsuccessful. As a result, she appeared for her probable cause hearing not having slept for 72 hours.

Plaintiff alleges edible food was not available. One of the women in the cell experienced diarrhea allegedly from the food, which created unpleasant sounds and odors and also scared Plaintiff from eating the food. Water was not provided between meals. As a result, Plaintiff had to drink from the sink next to the toilet.

**PROPOSED CLASSES**

Plaintiff proposes four separate classes, which largely correspond to her various causes of action.

Class 1 – All detainees awaiting probable cause determinations detained in the ADF overnight at any time. (Corresponds to Count I – Section 1983 claim for conditions of confinement for persons held overnight).

Class 2 – All persons arrested without an arrest warrant and detained by Defendants in excess of 48 hours without a judicial determination of probable cause. (Corresponds to Count II – Section 1983 claim for detention in excess of 48 hours).

Class 3 – All persons arrested without an arrest warrant and detained by Defendants for a total time in excess of 36 hours without a judicial determination of probable cause. (Corresponds to Count III – Section 1983 claim for detention in excess of 36 hours).

Class 4 – All persons arrested without an arrest warrant and detained by Defendants for a total time in excess of 24 hours without a judicial determination of probable cause. (No corresponding cause of action).

**ARGUMENT**

Despite notice pleading, a complaint must allege facts sufficient to state a facially plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Therefore, the factual allegations in a pleading must raise the possibility of relief above the "speculative level." *Twombly,* 550 U.S. at 555. A complaint cannot survive based on the mere possibility that a plaintiff might, after discovery, establish some "set of undisclosed facts" which could support recovery. *Id.* at 561. If the facts do not permit the court to infer more than a mere possibility of misconduct, "the complaint has alleged—but it has not 'show[n]'—"that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**I. Count III Fails Because Detention For Less Than 48 Hours Prior To A Probable Cause Hearing Is Presumptively Reasonable.**

In Count III, Plaintiff alleges a *Gerstein* claim for detention over 36 hours before receiving a probable cause hearing, corresponding to Class 3. In *Gerstein v. Pugh*, 420 U.S. 103, 124–25 (1975), the Court held "[w]hatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." The *Gerstein* Court did not define what "promptly" meant. In 1991, the Court noted "it is not enough to say that probable cause determinations must be 'prompt.' This vague

standard simply has not provided sufficient guidance." *County of Riverside v. McLaughlin*, 500 U.S. 44, 55–56 (1991). As a result, the Court held as follows:

> Taking into account the competing interests articulated in *Gerstein,* we believe that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*. For this reason, such jurisdictions will be immune from systemic challenges.

*Id.* at 56.

Since 1991, this has been the controlling law, reaffirmed as recently as several weeks ago. *Swanigan v. City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018) ("detentions lasting less than 48 hours are presumptively lawful and cannot be challenged on the basis of the timespan alone"); *Matz v. Klotka*, 769 F.3d 517, 527 (7th Cir. 2014); *Markadonatos v. Village of Woodridge*, 760 F.3d 545, 553 (7th Cir. 2014); *Salgado v. Melvin*, 2018 WL 637837, at *7 (N.D. Ill. Jan. 31, 2018); *Aguilar v. U.S. Immigration & Customs Enforcement Chicago Field Office*, 2018 WL 4679569, at *10 (N.D. Ill. Sept. 28, 2018).

Plaintiff seeks to create new law. Despite the Supreme Court's holding of "immunity" from "systemic challenges," Plaintiff makes a systemic challenge here. She alleges all detentions of more than 36 hours are *per se* unconstitutional. The binding precedent above forecloses her claim. Recognizing this impediment, Plaintiff alleges the law should change for three reasons: (1) technological changes since 1991 make a 36 hour detention unreasonable; (2) the conditions of confinement make a 36 hour detention unreasonable; and (3) Defendants failed to hold probable cause hearings on Sundays.

***Technological Changes***

Plaintiff does not identify what technological changes have occurred, how they impact promptness determinations, or how they justify this Court "overturning" binding precedent. Moreover, Plaintiff presupposes that courts have never reexamined the presumptive reasonableness rule while technology continued to develop in the years since *McLaughlin* was decided. On the contrary, the Seventh Circuit reaffirmed the 48 hour rule in 2014 and again in February 2018. Courts in the Northern District reaffirmed it as recently as September 2018. Plaintiff's position requires abrogating not just *McLaughlin* from 1991, but these far more recent decisions as well. There is no viable argument that technology has changed so drastically since 2014, let alone in the past months, to abrogate this clear rule.

***Conditions of Confinement***

Plaintiff's next contention is the alleged *Gerstein* violation is based not only on the duration, but duration combined with the alleged conditions of confinement. Plaintiff is essentially seeking to create some kind of hybrid *Gerstein* claim based on time plus conditions. This position is untenable because *Gerstein* at its core is a promptness rule. *Gerstein*, 420 U.S. at 125. *McLaughlin* then creates certain presumptions about what is considered prompt. *McLaughlin*, 500 U.S. at 55–56. Plaintiff's claim—that conditions of confinement may impact promptness—fails because the only considerations that can rebut the presumption of promptness focus solely on the reasons detainee did not receive an earlier hearing, not on the physical conditions an arrestee experiences before that hearing.

The Supreme Court held that a person detained for less than 48 hours may be able to rebut the presumption of reasonableness, but only if the reasons the he or she was detained are improper *McLaughlin*, 500 U.S. at 56–57 (a plaintiff must show the determination "was delayed unreasonably [such as] delays for the purpose of gathering additional evidence to justify the arrest, . . . ill will against the arrested individual, or delay for delay's sake."); *Portis v. City of Chicago, Ill.*, 613 F.3d 702, 705 (7th Cir. 2010) ("the court must examine not only the length of a given detention but also the reasons why release was deferred"); *United States v. Daniels*, 64 F.3d 311, 314 (7th Cir. 1995) (40 hour detention not unreasonable because detainee was not held for an impermissible purpose); *Swanigan v. City of Chicago*, 881 F.3d at 583 ("Some additional factor, like animus toward the detainee, must be present to rebut the presumption."); *Willis v. City of Chicago*, 999 F.2d 284, 288 (7th Cir. 1993) (detention was unreasonable because police chose to delay initial hearing in order to conduct an investigation on a different charge); *See also*, *Wells v. City of Chicago*, 09 C 1198, 2012 WL 116040, at *5 (N.D. Ill. Jan. 16, 2012) (reasonableness determination focuses on the purpose of the detention); *Smith v. Dart*, 2015 WL 1727341, at *2 (N.D. Ill. Apr. 13, 2015) (focus is on the "reason for the delay").

Here, Plaintiff's claim that 36 hours is too long is not based on any allegation that her detention was extended for some impermissible reason. Rather, her claim is that 36 hours is too long to be subject to what she alleges are unconstitutional conditions of confinement. In this regard, Plaintiff is conflating her conditions of confinement claim and her purported *Gerstein* claim. Plaintiff already has a

separate claim for the alleged conditions of confinement (Count I). That claim, and the associated putative class, involves everyone who was detained at the ADF overnight. That would necessarily include everyone who was detained for 36 hours. In that regard, not only does Count III fail to allege an allowable reason for rebutting the presumption of promptness, but it is duplicative of Count I.

One recent case from this district, *Brooks v. City of Chicago*, 2017 WL 1163881, at *5 (N.D. Ill. Mar. 29, 2017), is noteworthy because it discussed both *Gerstein* issues and conditions of confinement. In *Brooks*, a pretrial detainee alleged he was detained for an excessively long period and in unreasonable conditions because he was handcuffed to a bench for eight hours. The court rejected the *Gerstein* component of the plaintiff's claim because there was "no evidence that administrative steps associated with [the] arrest were unreasonably delayed," and no contention the officers "maintained any post-arrest ill-will toward [plaintiff]" or "delayed his hearing for the sake of delay." *Id*. Because there was no improper delay, the plaintiff could not show his detention was excessively long. *Id.*

*Brooks* then stated that "[r]egardless of the number of hours a suspect is held, a court must consider all of the circumstances 'of a particular detention rather than fixate on the numerical length of detention.'" *Brooks*, 2017 WL 1163881, at *4 (N.D. Ill. Mar. 29, 2017). The court also cited a number of cases for the proposition that other circumstances are relevant. Consistent with *McLaughlin*, all of those cases focus on the reasons for the extended detention, and whether those reasons were impermissible. *See Bass v. Hansen,* 2011 WL 528837, at *4 (N.D. Ill. Feb. 3,

2011) (no impermissible purpose for the delayed release); *Lewis v. O'Grady*, 853 F.2d 1366 (7th Cir. 1988) (question of fact whether administrative tasks justified delayed release); *Portis*, 613 F.3d at 705 ("the court must examine not only the length of a given detention but also the reasons why release was deferred"); *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004) ("in the absence of any evidence of improper purpose for the delay, we believe the government has provided a sufficient explanation"); *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1350-51 (7th Cir. 1985) (noting absence of any evidence justifying length of detention when suspects were arrested for a minor misdemeanor).

After its *Gerstein* analysis, the court separately considered whether the alleged prolonged handcuffing supported a conditions of confinement claim. *Brooks*, 2017 WL 1163881, at *6. Although the duration of handcuffing was relevant to that claim, the timing of the probable cause hearing was not, and so the court did not discuss that timing. By addressing *Gerstein* separately from the conditions of confinement claim, *Brooks* confirms each type of claim is independent, though not mutually exclusive, of the other, and even when both claims are asserted, they do not combine to create a hybrid time plus conditions *Gerstein* claim.

***Sunday Court Hearings***

Finally, Plaintiff alleges it is unreasonable under the Fourth Amendment for Defendants not to hold probable cause hearings on Sundays. However, Plaintiff has not alleged and cannot allege that any Defendant has the ability to control when state courts hold probable cause hearings. The determination of probable cause

"must be made by a judicial officer." *Gerstein*, 420 U.S. at 125. The only Defendants in this case, Will County and the Sheriff of Will County, are not, and are not alleged to be, judicial officers. In all §1983 claims, a plaintiff must plausibly allege the defendants caused his constitutional injury. *See Whitlock v. Brueggemann*, 682 F.2d 567, 582 (7th Cir. 2012). Because Plaintiff does not and cannot allege Defendants have control over when the state court holds probable cause hearings, she cannot plausibly suggest either Defendant is responsible for the lack of Sunday hearings.

## II. Count V Is Insufficiently Pled And Defendants Are Entitled to Absolute Immunity.

In Count V, Plaintiff alleges a "willful and wanton claim" for excessive detention and for initiating, developing, implementing and maintaining the alleged policies and practices leading to those detentions. As an initial matter, there "is no separate, independent tort of willful and wanton conduct" in Illinois. *Jane Doe-3 v. McLean County Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, ¶ 19. Rather, "willful and wanton conduct is regarded as an aggravated form of negligence." *Id*. Thus, Plaintiff here must plead the elements of a negligence claim—duty, breach and causation—as well as "either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Id*. As stated above, Plaintiff does not allege and cannot allege the Will County Sheriff has any ability to control when the state court holds probable cause hearings. Absent an ability to control the times of court, the Sheriff cannot be the cause of the "excessive" duration of detention alleged by Plaintiff.

Moreover, Defendants are immune from liability. Plaintiff alleges that the Sheriff developed and implemented policies that resulted in the excessive detentions. Section 2-201 of the Illinois Tort Immunity Act provides as follows:

> [A] public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201. This immunity applies when there is both an exercise of discretion and a policy decision. *Black v. Dart*, 2015 IL App (1st) 140402, ¶ 16. A policy decision is "that which requires the official to balance competing interests for the time and resources of his department." *Id.* Discretionary acts are "those which are unique to the particular public office at issue, as opposed to ministerial duties which are dictated by regulations." *Id.* Here, even if the Sheriff could control the timing of probable cause hearings, any decision about that timing would necessarily require consideration of competing interests for time and resources. Also, there is no question that setting the times of probable cause hearings is not a ministerial duty dictated by regulations. This immunity also applies to alleged willful and wanton conduct. *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 196 (1997).

## III. Count VI Is Insufficiently Pled And Defendants Are Entitled to Absolute Immunity.

In Count VI, Plaintiff alleges a willful and wanton claim based on the conditions of confinement (including inadequate hygiene supplies, inadequate nutrition, crowding, inadequate sleeping accommodations) and for initiating, developing, implementing and maintaining the alleged policies and practices

leading to those conditions. Again, there is no separate tort of willful and wanton, and Plaintiff does not allege the elements of aggravated negligence. *Jane Doe-3*, 2012 IL 112479, ¶ 19.

Moreover, Defendants are immune pursuant to Section 2-201 of the Tort Immunity Act. There is no question that Plaintiffs allegations involve decisions as competing interests for the time and resources of the Sheriff's Office. If the office had unlimited resources it could provide as much space and as many accommodations and resources as one could conceive. But that is not possible and the Sheriff has to allocate resources. In addition, there is no question the alleged actions are unique to the Sheriff's Office and not ministerial duties dictated by regulations. This immunity also applies to alleged willful and wanton conduct. *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 196 (1997).

In addition, Defendants are immune under Section 4-103 of the Tort Immunity Act, which provides:

> Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-103. This immunity also applies despite willful and wanton allegations. *Jefferson v. Sheahan*, 279 Ill.App.3d 74 (1st Dist. 1996).

In *Block*, the plaintiff brought a Section 1983 claim against the sheriff's office arising from the conditions of confinement, namely that he was he was unable to take a daily shower (one of the allegations here), use the telephone or purchase

personal items from the commissary and that his clothes were not returned to him on his release. *Black*, 2015 IL App (1st) 140402, ¶ 3. The Illinois court held that both Section 2-201 and 4-103 provided absolute immunity for the alleged claims. *See also*, *Thomas v. Sheahan*, 499 F. Supp. 2d 1062, 1099 (N.D. Ill. 2007) (immunity from state law condition of confinement claims under Section 4-103).

## IV. Plaintiff's Claims Against The County Are Misdirected; The County Is A Nominal Party Only.

Under *Monell*, Plaintiff's federal claims (Counts I-IV) against the County are based on allegations there were certain policies and customs which gave rise to the alleged violations. An Illinois county may not be liable under Section1983 for the acts or omissions of its sheriff's office because Illinois sheriffs are independently elected officials not subject to the control of their respective counties. *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995); *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000). Thus, the County may only be named as a nominal party for purposes of indemnification. *See Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

With regard to the state law claims (Counts V and VI), under Illinois law, a respondeat superior claim based on the acts or omissions of a sheriff's office will not lie against a county. *Moy v. County of Cook*, 159 Ill.2d 519, 530, 640 N.E.2d 926, 930 (1994). As a matter of law, there is no master-servant relationship between a county and the sheriff's office because a county has no right to control the sheriff's office or to discharge the sheriff. *Moy*, 159 Ill.2d at 525, 640 N.E.2d at 928. None of the sheriff's duties arise out of an employment contract with the county. *Id*. Instead, as

a duly elected officer of the county, the sheriff's duties, including his duties to operate and maintain the county jail, are statutory. *Id.*

Because relief may not be granted against Will County based on alleged failures of the Sheriff's Office, the County should be dismissed as a substantive defendant and re-named only as a nominal defendant for purposes of indemnification only.

WHEREFORE, Defendants respectfully request that this Court dismiss Counts III, V and VI as to all Defendants, dismiss Defendant County of Will as a substantive defendant, and grant such further relief as the Court deems just.

Respectfully submitted,

COUNTY OF WILL and MIKE KELLEY

By: ______________________
One of their attorneys

Martin W. McManaman
Kevin J. Clancy
Lowis & Gellen LLP
175. W. Jackson Blvd. Ste. 950
Chicago, IL 60604
(312) 364-2500
mmcmanaman@lowis-gellen.com
kclancy@lowis-gellen.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on November 13, 2018, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record and parties in this case.