**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **ANDREA DUNN,** on behalf of herself and all others similarly situated, | |
| Plaintiff; | Case No. 18 CV 6304 |
| **v.** | Hon. Charles P. Kocoras |
| **COUNTY OF WILL** and **MIKE KELLEY,** Sheriff of Will County, individually and in his official capacity. | Magistrate Hon. Young B. Kim |
| Defendants. | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT,**
**AWARD OF ATTORNEY'S FEES AND EXPENSES, AND**
**INCENTIVE AWARD TO NAMED PLAINTIFF**

Before the Court is a Motion for Final Approval of Class Action Settlement, Award of

Attorney's Fees and Expenses, and Incentive Award to Named Plaintiff. The motion was

properly noticed pursuant to this Court's Preliminary Approval of Settlement Order, dated

January 23, 2020 (the "Preliminary Approval Order") and due notice has been provided via

personal mail and published notice to all affected parties and class members. No objections have

been made to the motion or to the underlying Settlement Agreement filed with this Court on

January 20, 2020 and described in the Class and Settlement Notice. The Court, having fully

considered the matter and all papers filed in connection therewith, HEREBY ORDERS that:

      1.     Each term and phrase used in this Final Approval Order and Judgment shall have

the same definition and meaning as in the Settlement Agreement (Dkt. 62-1).

      2.     This Court has jurisdiction over this lawsuit and all of the parties to it.

**Notice**

3.      As required by this Court in its Preliminary Approval Order: (a) Plaintiffs'

Petition for Fees was filed by April 28, 2020; the Class and Settlement Notice was mailed to all

members of the Settlement Class or their representatives whose addresses could be obtained with

reasonable diligence, and to all potential Class Members who requested a copy; and (b) the Class

and Settlement Notice was published twice in the Chicago Tribune, the Herald-News, and the

Joliet Patch in February 2020 as set forth in the Proof of Mailed Notice and Publication (Dkt.

69); all as set forth in the Settlement Agreement and in the Preliminary Approval Order.

4.      The notice given to the Settlement Class is hereby determined to be fully in

compliance with the requirements of due process and Rule 23 of the Federal Rules of Civil

Procedure. The notice provided was the best notice practicable under the circumstances and

constituted due and sufficient notice to all parties entitled thereto.

5.      Due and adequate notice of the proceedings having been given to the Settlement

Class and a full opportunity having been offered to the Settlement Class to participate in the

hearing, it is hereby determined that all members of the Settlement Class (which excludes

anyone who previously and timely opted out of the Settlement, attached as Exhibit 1) are bound

by this Final Approval Order.

**Objections**

6.      No class member filed an objection to the Settlement or the objections to the

Settlement or Motion for Final Approval of Class Action Settlement, Award of Attorney's Fees

and Expenses, and Incentive Award to Named Plaintiff.

**Settlement Agreement Approved as Fair, Adequate, and Reasonable**

7.      The Court finds the Settlement Agreement is fair, reasonable, and adequate and meets all the requirements of Rule 23(e)(2). In so doing, the Court has considered and finds:

(A) the class representative Andrea Dunn and the class counsel, Heffner Hurst and the Law Office of Jordan Marsh, have adequately represented the class;

(B) the Settlement Agreement was negotiated at arm's length and in good faith by the Parties with the assistance of Magistrate Judge Young B. Kim.

(C) The relief provided for the class is more than adequate in light of (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the distribution method of relief and the method or processing class-member claims, (iii) the requested attorney's fee award of 33% and its timing only after the Defendant has funded the settlement fund, and (iv) the absence of any other side agreements between the Parties as required to be identified under Rule 23(e )(3), and

(D) the Settlement Agreement and Plan of Allocation treats class members equitably relative to each other.

**Classes Certified under Federal Rules of Civil Procedure 23(b)(3)**

8. The Court certified this case as a class action under Fed. R. Civ. P. 23(b)(3). (Dkt. 66). It reiterates that certification here, finding all the elements justifying class certification in its January 23, 2020 Order (Dkt. #65) remain in existence.

9.      There are two certified classes:

Settlement Class I:

> All persons detained at the Will County Adult Detention Facility between September 14, 2016 and the date of execution of this Agreement, and who were detained in a booking cell for more than 24 hours or who were detained in a booking cell throughout the period of 10:00 p.m. on one day through 6:00 a.m. the following day.

Settlement Class II:

> All persons detained at the Will County Adult Detention Facility between September 14, 2016 and the date of execution of this Agreement, who were arrested without an arrest warrant or other judicial process, and who were not released within 48 hours of their arrest or who did not receive a judicial determination of probable cause within 48 hours of their arrest.

10.      All those persons who validly excluded themselves from either class are not included in the class, shall not receive compensation from the Settlement Agreement, and are not bound by the Settlement Agreement in any way.

11.      Class counsel for both classes are Heffner Hurst and the Law Offices of Jordan Marsh. Andrea Dunn is the class representative for both classes. Pursuant to Fed. R. Civ. P. 23, the Court considered the following points in appointing Class counsel: (i) the work counsel has done in identifying and investigating potential claims in the action; (ii) counsel's experience in handling civil rights actions and other similar class actions; (iii) counsel's knowledge of the applicable law; (iv) the resources counsel have committed to representing the Class; as well as other matters pertinent to counsel's ability to fairly and adequately represent the interests of the Classes. The Court finds that Class counsel have done extensive research and work in this case, including investigating the conditions of confinement at the Will County Adult Correctional Facility, determining the identity of the individuals who were excessively-detained, and

determining the length of the putative class members' over-detention. Class Counsel are extremely competent and have vigorously represented the members of the Classes throughout this litigation.

**Attorney's Fees**

12.     Under Rule 23(h) and Rule 54(d)(2), Class Counsel have moved for attorney's fees and reimbursement of costs to be paid from the Settlement Fund. Litigation costs and the costs of the Class Notice and Administration shall constitute a cost separate from attorney's fees and will be paid separately out of the Settlement Fund.

13.     The Settlement Agreement provides that the amount negotiated included any amounts allocated to Class Counsel for an attorney fee award and reimbursement of costs. That agreement was negotiated at arms' length with the assistance of Magistrate Judge Young B. Kim.

14.     The Court has conducted an independent review of the fairness and reasonableness of the requested attorney's fee award. The Court hereby finds the fee request of 33% of the Settlement Fund to be fair and reasonable.  Counsel has achieved an outstanding result for the Class and obtained substantial ongoing future relief to ensure that the issues experienced by the Class do not re-occur. A one-third contingency fee is reasonable for risky cases, such as those involving civil rights claims. Had this case been negotiated at the outset, the Court finds the market would have supported a 33-40% contingent fee and so the requested fee is well within that range. Further, the lodestar cross-check confirms that this is not a windfall to counsel. At their billing rates, which in this case are below those they have charged and received for many years (adjusted for inflation), the lodestar multiplier is 2.1, which is a reasonable one in this district.  Accordingly, the Court awards Class Counsel 33% of the $2,000,000.00 Settlement

Fund as attorney's fees. In addition, the Court awards $4,103.48 in expense reimbursement. Counsel has submitted affidavits supporting the amounts spent in prosecution of this matter and the Court finds them reasonable and necessary. All of the foregoing amounts are to be paid exclusively out of the Settlement Fund without additional contribution or payment by the Defendant.

**Incentive Award to Andrea Dunn**

15. The Court finds named plaintiff and class representative Andrea Dunn is entitled to an incentive award for bringing this important civil rights action. The Court finds Ms. Dunn has taken sufficient actions to protect the interests of the classes, that both classes have benefitted greatly from her actions, and that she has devoted time and effort to reviewing and monitoring this litigation. All class members were informed of the requested fee of $25,000 and no class member objected to this fee. Accordingly, the Court hereby approves the requested $25,000 incentive award to Andrea Dunn.

**Allocation of Settlement Fund**

16. Consistent with the Settlement Agreement, within thirty (30) days of the entry of this Order, Defendants shall deposit the remaining one million nine hundred thousand dollars ($1,900,000.00) into the Settlement Fund (the Defendants have already paid $100,000 into the Settlement Fund).

17. If an appeal is filed and, as a result, the settlement is not ultimately approved, then the case shall revert to active litigation, and the Defendants shall have no responsibility to pay any Settlement Funds not previously paid for the costs of class notice and related administrative expenses.

16.     The cost of the Class Notice and administration and the Named Plaintiff's Incentive Award will be paid from the balance of the Settlement Fund after payment of attorney's fees and costs incurred by Class counsel. The Net Settlement Fund—the amount of the Settlement Fund minus the incentive award, attorney's fees and expenses, and notice and administration costs—will be used to compensate the Settlement Class. The Net Settlement Fund will be distributed to the Settlement Class and the Named Plaintiff as detailed in the Plan of Allocation, attached as Exhibit 3 to the a Motion for Final Approval of Class Action Settlement, Award of Attorney's Fees and Expenses, and Incentive Award to Named Plaintiff.

17.     Best efforts shall be employed to ensure that distribution of the settlement amount will occur in such a way so that no residual amount of the Settlement Fund will remain following a final distribution. The Court retains jurisdiction to monitor the distribution of settlement funds and to resolve any disputes that might arise thereunder.

**Settlement Administrator**

20.     The Court reaffirms the appointment of Strategic Claims Services as Settlement Administrator.

22.     The Settlement Administrator shall assist Class Counsel in making determinations as to which claims are valid. It shall then proceed to allocate the Settlement Fund as described previously.

23.     Within 30 days after the closure of the claims period, the Settlement Administrator shall mail the payments to valid claimants. The payments shall expire after 90 days thereafter. If there are funds remaining after the 90 days, the Administrator shall report the amount to the Court along with a recommendation for how to proceed from Class counsel. If

there are no remaining funds, the Settlement Administrator shall submit an affidavit to that effect to the Court.

**Non-Monetary Relief**

24.     The Court recognizes that the Settlement Agreement is contingent upon the Will County Circuit Court enacting a circuit court rule that requires all warrantless arrestees to receive a judicial determination of the probable cause for their arrest within 48 hours of that arrest, barring exigent circumstances or an emergency. The parties acknowledge that the Will County Circuit Court Administrative Order No. 19-23, passed in response to this litigation, is deemed to satisfy this contingency.

25.     The Will County Sheriff's Office has established and implemented the Policies and Procedures set forth in Exhibit A of the Settlement Agreement and has amended the WCADF Inmate Handbook to include the language as set forth in Exhibit B to the Settlement Agreement.

**Post- Settlement**

26.     Magistrate Judge Young B. Kim, with the assistance of the Parties, shall act as a monitor ("Monitor") concerning compliance with this Settlement Agreement. The Monitor shall receive and analyze information regarding the Sheriff's Office's compliance with the non-monetary terms of the Settlement Agreement, assess and make findings regarding such compliance, and enter appropriate orders to ensure both compliance and adequate monitoring of compliance. The Parties agree that the Court will retain jurisdiction after the date of Final Approval to enforce these post-settlement provisions.

27.     Beginning 90 days following Final Approval, and every 90 days thereafter, the Sheriff's Office shall provide the Monitor and Class Counsel a written report ("Quarterly Report"), which shall include a the status of implementation of each of the non—monetary provisions of the Settlement Agreement. Materials and information provided in previous reports do not need to be re-supplied in subsequent reports. The Sheriff's Office is only required to submit new updated information since the date of the last report. The Quarterly Reports shall include the following information:

a.      The number of warrantless arrestees detained at the WCADF, since the date of Final Approval or since the date of the last Quarterly Report (whichever is later), who were not afforded a probable cause hearing within 48 hours of the time of arrest, including the names of any such arrestees, dates and times of arrest, detention, and hearing, and specific circumstances that led to each such incident;

b.      The status of the facility modifications and provision of bedding as set forth in the Settlement Agreement;

c.      The status of the modification of existing Policies and Procedures and adoption of new Policies and Procedures as set forth in this Agreement, copies of which shall be provided to the Monitor and to Class Counsel; and

d.      The status of any rules changes by the Circuit Court relating to the timing or schedule for initial court appearances, copies of which shall be provided to the Monitor and to Class Counsel.

28.     The Monitor may conduct court hearings as needed (to be determined by the Monitor) to discuss the information included in the compliance reports outlined above and any further actions that need to be taken by the Monitor or the Parties.

29.     If Class Counsel believes the Sheriff's Office may be in violation of any non-monetary provisions of the Settlement Agreement, then Class Counsel may investigate and bring any motion to the Monitor's attention regarding such potential non-compliance. Consistent with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Illinois, Class Counsel and the counsel for the Sheriff's Office shall meet and confer and attempt to resolve any issues of potential non-compliance prior to such issues being the subject of any motion with the Monitor. If, after a hearing, the Monitor finds that the Sheriff's Office has been in substantial non-compliance with the Settlement Agreement, then the Monitor has the power to enter, and shall enter, whatever orders are necessary to ensure compliance, including ordering equitable or injunctive relief. "Substantial non-compliance" as used here means acts or omissions which do not meet the requirements of a particular provision of this Settlement Agreement and have a material effect on the ability of a Party to meet the goals and objectives of the relevant provision. In determining whether particular acts or omissions constitute "substantial non-compliance," the Monitor may consider the following factors: the nature of the non-compliance, the extent to which the non-compliance deviates from the particular settlement terms, the length of any delay in implementing a particular provision in the time allotted under the Settlement Agreement, the duration of the non-compliance, and the extent to which the non-compliance has a material effect on the rights of the detainees or the goals and objectives of this Settlement Agreement. No finding of any particular intent—such as deliberate indifference, a lack of diligence, or intentional violation of the Settlement Agreement—is required for a determination

of "substantial non-compliance." However, in fashioning an appropriate remedy for any

substantial non-compliance, the Monitor may also consider intent, including any diligence or

lack thereof in causing or avoiding any "substantial non-compliance" and whether efforts have

been made to cure any "substantial non-compliance." The Monitor's rulings on compliance

issues are final decisions that, by agreement of the Parties, are not subject to any appeals.

30.     The reporting set forth herein above shall terminate upon submission of the fourth

Quarterly Report, unless the Monitor determines that compliance has been insufficient and

further monitoring is necessary. In that event, the Monitor has the sole discretion to require

continued reporting for a period of time up to one year from the date of the fourth Quarterly

Report.

**Miscellaneous provisions of this order**

31.     Except as otherwise provided in this Order, each party shall bear its own costs,

expenses and attorney's fees.

32.     The Court reserves and maintains jurisdiction over enforcement of the settlement

and its provisions, except those specifically reserved to the Monitor.

33.     The monetary and non-monetary relief, provided for in the Settlement Agreement

fairly, reasonably, and adequately compensates for all alleged violations of rights and all claims

and any other incidents of incarceration by the Settlement Class that were or could have been

brought in this civil action under any theory of liability for any claims related to allegedly

unlawful excessive-detentions and/or conditions of confinement.

33.     Upon the entry of this Final Approval Order, all members of the Settlement

Classes, including Named Plaintiff, who have not properly and timely excluded themselves from

the Settlement Classes, including each and every one of their respective agents, representatives,

attorneys, heirs, assigns, and/or any other person acting on their behalf or for their benefit,

hereby release and discharge Releasees from any and all claims, demands, rights, causes of

action, compensatory and punitive damages, attorneys' fees, costs, debts, or liabilities which all

members of the Settlement Classes in this Action now have or had at any time prior to and

through the date of this release arising out of or in any way related to the allegations raised in

this case.

34.     Upon dismissal with prejudice, the members of the Settlement Class are severally

and permanently barred and enjoined, to the fullest extent permitted by law, from filing,

commencing, instituting, maintaining, prosecuting or participating in a lawsuit or any other

proceeding against the Defendants involving or based on any of the claims that were brought or

that could have been brought in the Lawsuit, either directly or indirectly, representatively,

derivatively, or in any other capacity, or that are otherwise encompassed within the Settlement.



SO ORDERED on June 1, 2020



_____

Charles P. Kocoras
United States District Judge